UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| HAROLD WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-00007-SNLJ |
| | ) | |
| UPS GROUND FREIGHT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's motion to dismiss for failure to prosecute (#19) and plaintiff's motion for protective order (#22). For the reasons set forth, this Court will **DENY** both motions.

**I. BACKGROUND**

This case—removed to this Court under diversity jurisdiction—involves an automobile accident between plaintiff Harold Warren and a driver for defendant UPS Ground Freight, Inc., that occurred on Interstate 55 in Cape Girardeau County, Missouri, on September 23, 2015. Plaintiff, who was operating a 2003 Kawasaki motorcycle, was allegedly struck in the rear by one of defendant's semi-trucks. Invoking *respondeat superior* liability, plaintiff argues defendant's driver was negligent in that he followed too closely behind plaintiff, failed to keep a proper lookout, and travelled too fast for road conditions. Plaintiff states that, as a result of the accident, he suffered head, neck, back, shoulder, pelvis, knee, and hand injuries.

1

Both of the parties' motions involve an ongoing discovery dispute regarding plaintiff's deposition. Defendant, seeking dismissal of this case under Rule 37(d) of the Federal Rules of Civil Procedure, argues plaintiff failed to appear for two noticed depositions set in Sikeston, Missouri—near where the accident took place and where plaintiff's attorney is located. According to defendant's motion and the attached e-mails, defendant first requested to depose plaintiff on July 31, 2018. Receiving no response, defendant served plaintiff with a notice of deposition on August 10, 2018, to be set for September 19, 2018. Plaintiff finally responded on September 14, 2018, stating "since [plaintiff] is a resident of Colorado, I propose taking his deposition in Denver." On September 17, 2018—two days before the deposition—defendant's attorney responded saying "our preference is to proceed with [plaintiff's] deposition on Wednesday, as noticed." A few hours later, plaintiff's attorney explained "logistically, I can't produce [plaintiff] on Wednesday." That same night, defendant's attorney proposed rescheduling plaintiff's deposition to September 25, 2018—again, to take place in Sikeston, Missouri. On September 21, 2018, the parties' attorneys spoke by phone during which plaintiff's attorney indicated he was having trouble contacting his client. Defendant then sent a letter to plaintiff on September 25, 2018, enclosing an amended notice of deposition to be set for October 2, 2018. On September 28, 2018, defendant's attorney emailed plaintiff's attorney asking if plaintiff would appear for his deposition; ten minutes later, plaintiff's attorney emailed back explaining "I cannot produce [plaintiff] in Sikeston next week … I would suggest we try to find a date later in October. It will be easier for me to produce him in Colorado so I would ask that you consider that as well." Defendant's attorney

immediately responded, stating "we can agree to reschedule the deposition again if you will provide October dates for [plaintiff's] deposition no later than Monday"—which gave plaintiff's attorney three days—"[w]e could have the deposition in St. Louis if that would be more accommodating for his travel." On the following Wednesday, October 3, 2018, plaintiff's attorney called defendant's attorney and agreed to identify mutually agreeable deposition dates in the near future. Hearing nothing from plaintiff's attorney after that phone call, defendant filed a motion to dismiss for failure to prosecute nine days later on October 12, 2018.

On October 26, 2018, near the end of the briefing period for defendant's motion, plaintiff filed a motion for protective order requesting this Court "grant a protective order stating that plaintiff's deposition be held either in Denver, Colorado, or by video at defendant's [] option." As justification for the protective order, plaintiff explains he is currently homeless, living in a truck, and suffers from back, shoulder, and "other" injuries that "make travelling for long periods very uncomfortable." Plaintiff also explains that he is "subject to an appearance bond that is conditioned on [him] remaining in Colorado." Defendant briefly addressed plaintiff's motion in its reply memorandum supporting its own motion to dismiss, stating "plaintiff's motion for protective order, filed today—nearly three months after defendant first requested for dates to depose plaintiff … does not excuse his willful discovery violations."

## II. ANALYSIS

1. **Defendant Has not Sufficiently Shown Why the "Extreme" Measure of Dismissal is Warranted in this Case**

Rule 37(d) states "the Court where the action is pending may, on motion, order sanctions if: (i) a party … fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i). One permissible form of sanctions for failing to appear at a deposition is the outright dismissal of the action. FED. R. CIV. P. 37(d)(3) (incorporating the sanction of dismissal under Rule 37(b)(2)(A)(v)); *see also Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). A motion to compel attendance is not required before dismissing an action under Rule 37(d). *Id*. Nonetheless, dismissal is "an extreme sanction" that "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 1999); *see also Schubert v. Pfizer, Inc.*, 459 Fed. Appx. 568, 572 (8th Cir. 2012).

In this Court's view, defendant has not shown that the extreme consequence of dismissal is warranted under the facts. To be sure, the facts do appear to suggest poor communication by plaintiff's attorney. As but one example, it took several months for plaintiff to file a motion for protective order based on a series of facts that seem to have existed either during or well before defendant's original deposition inquiry as far back as July, 2018. This delay is particularly troubling when it became clear that defendant would not acquiesce to a deposition in Colorado. And it is all the more troubling that plaintiff's attorney never voiced these concerns in the various e-mails to defendant's attorney, saying instead that Colorado was merely the preferred location of plaintiff's deposition (a far cry from plaintiff's motion that says "a trip to Missouri is out of the question").

That said, discovery is not scheduled to close until April 1, 2019, and defendant is not unduly prejudiced at this time assuming a deposition in Missouri can be scheduled soon. Accordingly, defendant's motion to dismiss will be denied.

2. **Plaintiff Has Not Sufficiently Shown Why He Should Not Be Deposed in the Forum He Selected**

As noted, the parties' discovery dispute is partially the result of plaintiff's concern that he may have to travel to Missouri in order that his deposition can be taken. Under the federal rules, the location of a deposition is first left to the party noticing the deposition—in this case, the defendant. *See* FED. R. CIV. P. 30(b)(1). And, ordinarily, the proper location of plaintiff's deposition is in the form where litigation is pending. *See, e.g., Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 588 (D. Minn. 1999); *In Re FCA US LLC Monostable Electronic Gearshift Lit.*, 2017 WL 4216193 at *3 (E.D. Mich. Sept. 22, 2017); *see also* 8A Wright & Miller, FEDERAL PRACTICE & PROCEDURE § 2112 (3d ed. 2010) ("Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition."). However, hardships—whether financial, medical, or legal—may override this presumption when sufficiently demonstrated. *Archer Daniels Midland Co.*, 187 F.R.D. at 588; *see also Estate of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 387 (S.D.N.Y. 2011). In demonstrating a hardship, "it is not sufficient that plaintiff's attorneys make naked assertions … [rather,] well prepared and complete affidavits [] are necessary to corroborate and give substance to [the] attorneys' assertions." *Cobell v.*

*Norton*, 213 F.R.D. 43, 47 (D.D.C. 2003) (*quoting Dalmady v. Price Waterhouse & Co.*, 62 F.R.D. 157, 158 (D. Puerto Rico 1973)).

Here, plaintiff provides various medical records explaining what he says is back and shoulder pain that makes it "difficult to travel" to Missouri. However, a review of those records confirms plaintiff is, in fact, capable—as he admits himself—of "going back and forth between [Colorado] and Missouri to see specialists and for court hearings re[garding] the motorcycle accident." And the records further note that pain medication has provided "clinically significant" relief. The most recent record, from March 7, 2018, indicates plaintiff's pain is "6 out of 10" (below the level of pain plaintiff identified while traveling between Colorado and Missouri) and, again, notes clinically significant pain relief. These records indicate, in total, that plaintiff is capable of traveling. Indeed, plaintiff's supplied affidavit, itself, says it would be merely "difficult"—not impossible—to travel. And, in view that defendant admits he is capable of and does travel by car in and around Colorado, the Court fails to see how he would be medically unable to travel by car (or plane) to Missouri. *See Cobell*, 213 F.R.D. at 47-48 (denying seventy-three-year-old plaintiff's request to be deposed at his place of residence, rather than forum of litigation, where plaintiff failed to provide affidavit from physician specifying why plaintiff could not travel to forum); *see also Womack v. Bradshaw*, 2014 WL 1152960 at *2 (W.D. Mo. Mar. 21, 2014) (requiring affidavit from physician outlining reasons for medical inability to attend deposition); *Ristevski v. S & P Carrier, Ltd.*, 2010 WL 1687878 (N.D. Ill. Apr. 26, 2010) (conclusory statement by plaintiff that shoulder pain made it "very difficult" to travel was not enough to support claim of undue hardship

where there was no additional showing that plaintiff could not travel or was otherwise subject to pain of a magnitude that made travel unfeasible); *Grotrian, Helfferich, Schulz, Th. Steinweg Nachf. V. Steinway & Sons*, 54 F.R.D. 280, 281 (S.D.N.Y. 1971) (noting no "first-hand evidence that the [deponent] is in fact in such poor health that he cannot appear" in the forum for his deposition).

Plaintiff also points out that he is subject to an appearance bond in Alamosa County, Colorado, which is conditioned on the fact that plaintiff "may not leave the state without approval of the Court and the surety." Again, nothing about that bond forbids plaintiff from traveling to Missouri for his deposition; rather, it expressly states that plaintiff must obtain permission—a condition that is not overly burdensome on plaintiff as he otherwise attempts to argue. Notably, the bond is also conditioned on plaintiff appearing for an August 2, 2018, court date, which has already passed. If the bond is still in effect, plaintiff fails to make that point clear.

Finally, plaintiff argues—by way of affidavit through his attorney—that his only income is social security disability insurance, which is insufficient to provide for even "basic needs right now." Such statements are conclusory and are too narrowly focused to satisfy the burden of overcoming the general rule that plaintiff's deposition is to take place in the selected forum. Indeed, plaintiff does not indicate how much he receives through social security disability insurance, nor does he describe what his living expenses are or whether he has access to other sources of income. His argument merely *tells* rather than *shows*. This is insufficient to support his motion for protective order.

**III. CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant UPS Ground Freight, Inc.'s motion to dismiss case for failure to prosecute (#19) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff Harold Warren's motion for protective order (#22) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall confer and agree upon a date for plaintiff's deposition in the reasonably near future to take place in Missouri.

So ordered this 21st day of November 2018.

                                                                           _____
                                                                           STEPHEN N. LIMBAUGH, JR.
                                                                           UNITED STATES DISTRICT JUDGE